## Dunlap *v.* Erie Water Commissioners, Appellants.

*Municipal corporations—Form of entering into contract.*

The water commissioners of a city authorized to bind the city by contract may enter into a valid corporate obligation with a contractor without reducing the agreement to writing or causing a proper minute thereof to be entered in their books.

*Water commissioners of Erie—Act of April 4, 1867.*

Under the act of April 4, 1867, the Water Commissioners of the city of Erie have power to enter into an agreement with a contractor to pay for extra work necessary for the erection or maintenance of the city water works.

Argued April 25, 1892. Appeal, No. 74, July T., 1891, by defendants, from judgment of C. P. Erie Co., Sept. T., 1886, No. 29, on verdict for plaintiff, John Dunlap. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Assumpsit to recover for extra work on contract.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows by GUNNISON, P. J. :

" It is necessary, therefore, in order to find for the plaintiff, that you find, (1) that there was a mutual mistake, or that there was an accumulation of sand, and that a knowledge of it was not possessed by either party ; and (2) that there was an agreement made by the commissioners to pay for this extra

work. Because, if the contractors went on, even though there had been a mutual mistake, and did the work without an agreement on the part of the commissioners to pay for it, they would not be entitled to compensation for it. So, their claim depends upon whether they satisfy you that there was such a mutual mistake, and that there was an agreement on the part of the commissioners to pay for the work.

" The water board is a corporation, an artificial person, created by law for the public good. They have no power or authority beyond the power conferred upon them by the act of the legislature which incorporated them. They consist of three persons. Those three members of the board can only act at meetings. The act of one member or of two members or of all three members, separately, not in a meeting, is not binding. In such cases they would act as individuals, and not as a board, and it is only as a board that their acts are binding upon the corporation. They must act at a meeting, either regular or special. If at a regular meeting, a majority of the board is a quorum, and the act of the majority would be binding upon the board. If it is an act at a special meeting, then that meeting must have been had in pursuance of notice, and each of the members must have had notice of the meeting (due and reasonable notice) or all three of the members must be present. If there is due notice and a majority of the members are present, then that majority could act. If there is no notice and the three members are actually present and act, their acts are binding. [The law does not provide that their meetings shall be in any particular place. They may have their meetings at the water office or at the water works ; anywhere that they meet and have a meeting that is regular (that is a meeting upon notice or in which all three participate) would be a meeting of the board, no matter where held.] [2]

[" The ordinary way of proving the acts of members of a corporation, where they act officially, is by the records of the corporation ; and the defendants have shown by their by-laws that they had a secretary whose business it was to record the minutes of the meetings. The law does not provide that their acts shall not be binding unless they are recorded ; but that is the proper way to do, and of course it should be adopted and enforced. But still it is not necessary in order to constitute a

valid action, that it should be made a matter of record.] [3] If there is a meeting held which is legal, held under the circumstances which I have explained to you, and at that meeting action is had by which the board passes a resolution or does anything within its power to do, then that act is binding upon them though there be no record of it; that is, in the absence of any requirement in the act of the legislature by which they were organized or incorporated, to that effect. . . .

["It is necessary that it should appear that it was a mutual mistake; that the commissioners also were ignorant of the condition of affairs there. That is essential for the plaintiff to prove. They offered evidence to show, which tends to show, that the commissioners were ignorant of it, and Mr. Dunlap tells you that the contractors were ignorant of it. If that is true, that would constitute a mutual mistake, and if there was such mutual mistake that would form a sufficient consideration for any agreement on the part of the board of commissioners to pay for extra work.] [5]

"Now, if you find that there was a mutual mistake in regard to the work that was to be done, a mistake both on the part of the commissioners and of the contractor, and if you find that, upon the discovery of this condition of affairs concerning which both were ignorant at the time the contract was entered into, the commissioners as a board agreed to pay Mr. Linn a proper compensation for the doing of the extra work, then the plaintiffs are entitled to a verdict in this case."

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned*, inter alia, were (2, 3, 5) instructions as above, quoting them.

*S. A. Davenport*, for appellant, cited, Cooper v. Lampeter Twp., 8 Watts, 128; Allegheny County Work House v. Moore, 95 Pa. 412.

*J. Ross Thompson*, *G. A. Allen* and *L. Rosenzweig* with him, for appellee.

OPINION BY MR. JUSTICE McCOLLUM, October 3, 1892.

On the 13th of June, 1884, the Water Commissioners of the city of Erie entered into a contract with J. Louis Linn of said city to furnish the material and do all the work necessary to

construct, complete and place in position according to the specifications attached thereto, a wooden inlet pipe to be located at the water works, Erie, Pa., and for which they agreed to pay Linn the sum of $3,625. The parties, having afterwards ascertained that the space between the piers or lower cribs, in which the wooden tube was to be located, was insufficient to allow the insertion of a tube of the size required by the specifications, agreed, on the 30th of June, 1884, that the size of the tube should be reduced to four feet three inches inside diameter. It appears that John Dunlap was a partner of Linn and jointly interested with him in this work. It also appears that the parties entered into the contract in a mutual misapprehension of the condition of the space between the piers. They supposed that it was free from obstructions but on removing the roof it was found to be filled with clay, sand, sticks, and other substances which had been forced into it and had become compact and difficult to excavate. When this condition was discovered the contractors refused to proceed with the work unless the commissioners would agree to compensate them for excavating and removing the material so accumulated. It was readily recognized by both parties as a condition at variance with their former understanding of the situation, and for which no provision was made in their contract. The commissioners then directed the contractors to proceed with the work and agreed to pay them for the additional labor made necessary by this unexpected condition. The original contract as modified by the agreement of June 30th respecting the size of the tube, was completed and the extra work was done, to the satisfaction of the commissioners. The claim of the contractors for extra work is now resisted on the ground that the action of the commissioners with reference to it was informal, and was not entered by their secretary upon the books of the water department. It is conceded by the learned counsel for the appellants that the fourteen specifications of error really raise but one question, and that is whether the agreement in respect to compensation for extra work is binding upon the corporation.

It is settled by the verdict that the parties were mutually mistaken as to the condition of the space between the piers and that upon the discovery of their mistake it was agreed between them that the excavation and removal of the material accumu-

lated there should be regarded as extra work for which the contractors should be compensated, and further, that the agreement to pay for this work was by the commissioners as a board and not as individuals. It is not denied that the commissioners had power to make an agreement of this kind, on which the corporation would be liable, but it is contended that the power should be exercised at their office in the presence of their secretary and that their official action should appear in the minutes kept by him of their proceedings. We agree that the practice suggested by this contention is desirable and that a departure from, or failure to adopt it is likely to result in confusion and litigation, but we cannot assent to the proposition that an agreement which the commissioners were authorized to make, and the benefits of which the corporation has enjoyed can be invalidated as a corporate obligation by their neglect to reduce it to writing or to cause a proper minute thereof to be entered in their books. A corporation is like an individual in its capacity to contract, appoint agents, and incur ordinary liabilities : Am. & Eng. Ency. of Law, vol. 4, page 242, and cases there cited ; Ins. Co. v. Shaw, 94 U. S. 574. It is true that it must exercise the powers conferred by its charter in the manner prescribed therein or by statute, but in the absence of a regulation defining the mode in which it may incur contractual liability it is free, within the scope of its charter powers, to enter into engagements in any form which the law recognizes as valid between individuals. In this case the power to make contracts for the erection and completion of the water works and to provide for the repair and maintenance of the same is lodged by the act of April 4, 1867, with the commissioners. The agreement to pay for the extra work is an exercise of this power and there is nothing in it, either of substance or form, which is violative of any provision of the statute. The cases cited by the appellants do not sustain their contention. In Cooper and Grove v. Lampeter Township, 8 Watts, 125, the point decided was that one supervisor cannot bind the township for the erection of wing-walls to a county bridge. In Allegheny County Workhouse v. Moore, 95 Pa. 408, the plaintiff " utterly failed to show that any corporate action was taken by the board by virtue of which he was employed or by which the power to employ him was delegated to any member of the

board or to the superintendent," while in this case the commissioners as a board agreed to pay for the extra work.

We have carefully read and considered the instructions and testimony and our conclusion is that the case was correctly decided in the court below.

The specifications of error are overruled.

Judgment affirmed.