Commonwealth ex rel. Graham, District Attorney,
Appellant, *v.* Collins et al.

Argued September 24, 1934. Before Frazer, C. J.,
Simpson, Kephart, Schaffer, Maxey, Drew and Linn,
JJ.

*M. Levant Davis,* for appellant.

*Clarence T. Bryan,* with him *Elmer L. Evans,* for appellee, was not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, November 26, 1934:

At the instance of the district attorney of Erie County, a suggestion for a writ of quo warranto was presented to the court below challenging the authority of Adrian J. Collins, G. William Schlindwein and T. Woods Sterrett to exercise the office of directors of the poor of the Erie County Poor District. The above named directors were appointed to their office October 20, 1933, by order of the Court of Quarter Sessions of Erie County, pursuant to the Act of Assembly of June 3, 1933, P. L. 1517. The contention was advanced that this act violates the Constitution of Pennsylvania in that it offends the provisions of section 7, article III, forbidding the general assembly from passing any local or special law regulating the affairs of counties. The argument was also made that under the General Poor Relief Act of May 14, 1925, P. L. 762, directors of the poor are made county officers, that section 2, article XIV, of the Constitution of Pennsylvania provides for the election of all county officers, and hence that the Act of 1933, supra, contravenes the constitution in granting authority to the Court of Quarter Sessions of Erie County to appoint directors of the poor. Neither of these contentions can be sustained and the court below properly held the act in question constitutional and valid.

Section 7, of article III, of the Constitution provides that the General Assembly shall not pass any local or special laws "regulating the affairs of counties, cities, townships, wards, boroughs or school districts." Poor districts are not included among the designated governmental divisions to which the constitutional prohibition applies, and for that reason it was suggested in Jenks Township Poor District v. Sheffield Township Poor District, 135 Pa. 400, 409, "that the limitations upon the powers of the legislature as to local or special legislation do not extend to the regulation of the affairs of poor districts." In Straub v. Pittsburgh, 138 Pa. 356, the opinion of the then Court of Common Pleas No. 2 of Allegheny County repudiated the dictum of the earlier case above cited, but that interpretation of the law was not expressly accepted by this court upon appeal, even though the decree of the court below was affirmed. Upon consideration of the question we feel bound to follow the view stated in the Jenks Township Case, and we now hold that the limitations imposed upon the general assembly by section 7, article III, of the Constitution do not apply to poor districts.

Poor districts co-extensive with county lines have been created by numerous special acts, among which were the Act of June 24, 1839, P. L. 423, establishing a single poor district for Erie County and providing for the election of three persons as directors of the poor. With a few amendments this act was continuously in force thereafter until the General Poor Relief Act of 1925 was passed. Appellant seems to assume the Act of 1925 superseded the special Act of 1839, but we agree with the court below that the earlier act was not repealed by the general Act of 1925. See Com. ex rel. v. Reese, 293 Pa. 398. For that reason, directors of the poor of the Erie County Poor District did not become county officers under the provisions of the Act of 1925, and no question of the right of the legislature to make

their office appointive by virtue of the Act of 1933 can arise.

Assuming, however, that the Act of 1925 did supersede the special Act of 1839, appellant's position would not be bettered. Although, by the general act, directors of the poor are declared to be county officers, it by no means follows that they become county officers under the constitution. Offices which are legislative only and not constitutional may be abolished or changed by the power which created them: Com. v. Weir, 165 Pa. 284. It follows that, although the legislature provided in the Act of 1925, supra, that directors of the poor should be elected, it also had the power to designate in the special Act of 1933, P. L. 1517, that directors of the poor in Erie County should be appointed by the court of quarter sessions. See also Lloyd v. Smith, 176 Pa. 213.

The decree is affirmed at appellant's cost.