## Andrews Land Co. v. Erie County Poor Directors

*P. V. Gifford, for plaintiff.*

*Clarence T. Bryan,* for defendants.

BARNETT, P. J., forty-first judicial district, specially presiding, April 13, 1937.—This suit was instituted by plaintiff, a real estate company, to recover from defendant, the Directors of the Poor of Erie County, rents for various properties which were occupied by certain of the indigent poor of Erie County during the months of January, February, March, April, May and June of 1933. The claim for these rents is based on alleged oral agreements entered into between plaintiff and defendant. The testimony was to all intents and purposes undisputed.

In 1931 plaintiff threatened to evict certain of its tenants for nonpayment of rent. Defendant intervened on behalf of these persons and made payment of part or all of their rent. All of the persons involved were then receiving some other form of relief from defendant. From this time on, including the years 1931 and 1932, defendant continued to pay to plaintiff certain moneys, as rent, for various indigents. It also appears that defendant from time to time requested plaintiff to rent certain premises to indigents, promising to pay all or part of the rentals. These arrangements were made orally.

The testimony clearly indicated that no formal action in the nature of motions and minutes concerning these rentals took place at any time except when a note was to be issued for the payment of past-due obligations. It showed, however, that the board, acting as a unit, from time to time verbally approved the payment of each of the current schedules which form the basis of plaintiff's suit, and the only reason for nonpayment advanced on those occasions was that no funds were then available. These facts were established by the testimony of Mr. Andrews of plaintiff company and by a member of the board and two board employes, Mr. Gerbracht and Mrs.

Reilly. The last-named actually prepared a majority of the schedules and took them into the board meetings for approval.

Defendant's motion for judgment n. o. v. is based on the following grounds: It contends that the testimony established no binding agreements, in that the alleged agreements were oral and were the actions of individual members, rather than those of the board. It further contends that the agreements, even if proven, cannot be binding on defendant since no records of these agreements appear in its minutes. In addition it alleges that directors of the poor could not legally obligate themselves to the payment of rent past due, or for the indefinite future.

Unquestionably defendant did not conduct its business at that time in an approved manner. It may well have been that the press of business made this unavoidable. The evidence, however, clearly indicates that the arrangements, while usually commenced by one member or an employe, were nonetheless currently, though orally, approved and confirmed by the board at its various meetings held in its regular place of business, and therefore must be considered the concerted action of the board.

The authorities relied upon by defendant are not applicable to the state of facts existing in this case. It is true that the action of an individual, or even of all the individuals constituting a governmental body, is not binding upon that body unless such action is taken at a properly convened meeting. We have, however, no authority to ignore a properly taken action, even when it is not formally recorded as a resolution. On the contrary, it has been held by our Supreme Court that a formal resolution or minute is not essential to a recovery under an agreement with a body corporate unless so required by its charter.

In Dunlap v. Erie Water Commrs., 151 Pa. 477, 481, the court said:

". . . but it is contended that the power should be exercised at their office in the presence of their secretary

and that their official action should appear in the minutes kept by him of their proceedings. We agree that the practice suggested by this contention is desirable and that a departure from, or failure to adopt it is likely to result in confusion and litigation, but we cannot assent to the proposition that an agreement which the commissioners were authorized to make, and the benefits of which the corporation has enjoyed can be invalidated as a corporate obligation by their neglect to reduce it to writing or to cause a proper minute thereof to be entered in their books."

The testimony dealing with the arrangements whereby defendant was to pay certain rentals for properties of plaintiff occupied by indigents showed that they were orally entered into, but nonetheless had the full sanction of the entire board, given at proper meetings. As such, these arrangements must be considered as having been properly entered into, and defendant cannot evade the obligation merely by setting up its own failure fully and properly to record its actions.

Defendant's contention that there existed no authority in it to enter into an agreement for the payment of past-due rent or rent to accrue in the indefinite future is based upon misinterpretation of the facts. The testimony disclosed that defendant, through one of its members or an employe, frequently sent indigents to plaintiff to occupy premises owned by it, agreeing in each case to pay a certain amount each month while the party remained an indigent and during his occupancy. Each agreement was approved and confirmed at each ensuing monthly board meeting, and was therefore not an agreement to pay past or future rent. True it is that a lease was executed by the occupant in each case, but this lease was in no way binding upon defendant and, it appears, was required by plaintiff merely to expedite ejectment proceedings in the event they should at any time become necessary. The arrangements between the parties hereto were in no instance for a fixed rental or period of time, were entirely

independent of any existing leases, and apparently dependent on only two factors, namely, the occupancy of the premises and the indigency of the individual: Karwoski v. Berks County Poor Dist., 24 D. & C. 671.

The approval by the board of each schedule at the end of each month constituted a proper confirmation of the agreements made by certain of its members or employes with plaintiff during the current month and was, in effect, an agreement to pay each item contained therein.

No indigent tenant ever took part in any of these arrangements, which, for the months sued for, applied only to current rents. The right to terminate or modify existed in defendant and is shown by the fact that the schedules were constantly being revised as to individuals, premises, and amounts to be paid. It therefore may not be argued that defendant was orally agreeing to pay the debts of another, thus permitting the use of the statute of frauds as a defense: Karwoski v. Berks County Poor Dist., supra.

The schedule for the month of June 1933 was not formally approved, merely because at that time plaintiff was requested by defendant to institute this suit. It was, however, not questioned, and presumably would have been approved by defendant, since it was in fact prepared by Mrs. Reilly, one of its employes. For the purpose of this opinion, therefore, it will be treated as if it had been approved.

The special Act of Assembly of June 24, 1839, P. L. 423, 424, creating defendant, and The General Poor Relief Act of May 14, 1925, P. L. 762, both give defendant the right to provide all things necessary for lodging, maintenance, and employment of the poor. The General Poor Relief Act, in addition, provides this right, in section 900, "where such directors are satisfied upon investigation that such relief is necessary": Gambatese et ux. v. Erie County Poor Dist., 122 Pa. Superior Ct. 247. The testimony disclosed that an investigation and record, as required, was in fact made of each application, and, when

the circumstances warranted, the applicant was put on the relief rolls. All of the occupants in this case were on the relief rolls, and presumably properly so. The nature and amount of the relief granted by defendant was discretionary, provided it did not clearly transgress the statutes. We find that the agreements for the payment of rent in these cases were for the purpose of providing maintenance and lodging for the indigent poor and therefore did not exceed the powers granted defendant under the aforementioned acts of assembly.

The motion for judgment n. o. v. is hereby dismissed, and the prothonotary is directed to enter judgment on the verdict.