488 A.2d 1106
In re REAPPORTIONMENT OF the SCHOOL DISTRICT OF the CITY OF PITTSBURGH.

Appeal of the SCHOOL DISTRICT OF PITTSBURGH.

Dr. Jake MILLIONES, Mrs. Jean Fink, Mrs. Helen B. Miscimarra, Ms. Barbara A. Burns, Dr. David E. Engel, Edwin I. Grinberg, Esq., Mrs. Evelyn B. Neiser, Mr. David L. Donahoe, the Board of Public Education of the School District of Pittsburgh, Pa., Mrs. Dolores George, Mr. Richard P. George, Mr. Thomas Cox and Mr. Mark Schneider,

v.

ALLEGHENY COUNTY BOARD OF ELECTIONS and James Scanlon, Director, Allegheny County Board of Elections.

Appeal of David E. ENGEL.

Supreme Court of Pennsylvania.

Argued March 4, 1985.
Decided March 7, 1985.

Robert J. Stefanko, Sol., Bd. of Public Educ. of The School District of Pgh., Pittsburgh, for appellant at No. 8.

Robert J. Stefanko, Sol., David H. Dille, Asst. Sol., The Bd. of Public Educ. of The School Dist. of Pgh., Pittsburgh, for petitioners at No. 12.

David A. Brownlee, Pittsburgh, for David E. Engel.

Allan J. Opsitnick, Asst. County Sol., Pittsburgh, Leroy S. Zimmerman, Atty. Gen. of Pa., Harrisburg, Theodore A. Van Wormer, Ph.D., Pittsburgh, for appellee at No. 8.

Allan J. Opsitnick, Asst. County Sol., Leroy S. Zimmerman, Atty. Gen. of Pa., for respondents at No. 12.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## ORDER

PER CURIAM.

The instant matter is an appeal from an order of the Court of Common Pleas of Allegheny County entered on January 30, 1985. That order directed the reapportionment of school director districts for the Pittsburgh Board of Public Education in accordance with section 302.1(c) of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, No. 14, § 302.1(c), *as amended*, 24 P.S. § 3–302.1(c) (Supp. 1984–85). On February 6, 1985, the School District filed an appeal to this Court from the January 30, 1985 order and on February 6, 1985 the School District also filed an application for accelerated disposition of its appeal. On the same day the Board of Public Education, its incumbent directors and certain residents of the School District filed a complaint in equity in the Court of Common Pleas of Allegheny County naming the Allegheny County Board of Elections and its director as defendants. That complaint also sought a declaration that the reapportionment plan was not in conformity with the Public School Code; requested an injunction restraining the named defendants from implementing the reapportionment plan; and requested a direction that the current school director districts remain intact until a new reapportionment plan was adopted. Thereupon, the plaintiffs in the equity action made application to this Court on February 8, 1985 requesting that we assume extraordinary jurisdiction in the equity action and consolidate that matter with the pending appeal filed from the January 30, 1985 order.

On February 9, 1985 the Chief Justice granted the application for expedited disposition of the appeal and directed that it be listed for the March 1985 argument session. On

that same date a further order was entered by the Chief Justice granting an application for assumption of jurisdiction of the equity matter and consolidating that matter with the appeal from the January 30, 1985 order. On Monday, March 4, 1985 the causes were argued before the full Court and are now ripe for disposition.

Under section 302.1(c)(4) of the Public School Code, 24 P.S. § 3–302.1(c)(4) (Supp.1984–85), each public school district of the first class A must be reapportioned in conformity with the federal census data of the preceding decennial census. The reapportionment process is to be initiated each year which follows the year in which such federal census data is officially reported. *Id.* The instant reapportionment should have been accomplished by the 1983 municipal elections.[1] We have reviewed the plan that is presently before us and find it in accordance with constitutional and statutory mandate. We therefore dismiss the complaint in equity and the order of January 30, 1985 is affirmed.

■■■ The objections raised to the reapportionment plan under consideration were all premised upon an implied assumption that the incumbent school directors had a legal right to serve out their elective terms. There is no constitutional or statutory basis for this assumption.[2] It is well settled that the legislature has the power to abolish legisla-

1. Regrettably, the school district reapportionment commission in this case was unable to file a reapportionment plan within the time prescribed by the statute, *see* 24 P.S. § 3–302.1(c)(4), and the President Judge of the Court of Common Pleas undertook the responsibility pursuant to 24 P.S. § 3–302.1(c)(6). The reapportionment was further delayed because the initial proposed reapportionment plan which was filed by the court on February 14, 1983 was deemed inadequate, vacated and remanded by this Court on March 9, 1983. The March 9, 1983 order of this Court directed that a revised plan in accordance with law be completed and filed for the 1985 municipal election. The order of the Court of Common Pleas of Allegheny County of January 30, 1985 is in response to that directive.

2. Appellant/Petitioners argue that the electors within the school district are entitled to "the secure knowledge that those persons, duly elected, will serve their constituents for the entire period for which each was elected." Brief for School District at 6.

tive offices it created. *Commonwealth ex rel. Graham v. Collins,* 316 Pa. 353, 175 A. 427 (1934); *Commonwealth ex rel. Braugher v. Weir,* 165 Pa. 284, 30 A. 835 (1895); *Commonwealth v. McCombs,* 56 Pa. 436 (1868). The disappointment of an incumbent school director adversely affected by the new reapportionment plan is caused by the delay in the adoption of that plan. Any further delay in the implementation of the present plan would be an intolerable erosion of the franchise of the voters of this school district which could not be tolerated. *Hadley v. Junior College District,* 397 U.S. 50, 90 S.Ct. 791, 25 L.Ed.2d 45 (1970); *Delozier v. Tyrone Area School District,* 247 F.Supp. 30 (W.D.Pa.1965); *see In re Reapportionment Plan for Pennsylvania General Assembly,* 497 Pa. 525, 442 A.2d 661 (1981); *Commonwealth ex rel. Specter v. Levin,* 448 Pa. 1, 293 A.2d 15 (1972); *Butcher v. Bloom,* 420 Pa. 305, 216 A.2d 457 (1966).[3]

The instant reapportionment plan is to be implemented as follows:

a) All nine (9) positions are to be filled in the municipal election of 1985;

b) The election in the odd-numbered districts shall be for a period of four (4) years commencing on the first Monday in December 1985;

c) The election in the even-numbered districts shall be for a period of two (2) years commencing on the first Monday of December 1985.

It is so ordered.

**3.** The Allegheny County Board of Elections, appellee herein, informs us in its brief that "the County has made preparations to implement the plan by placing the necessary offices on the May 21, 1985 Primary Election ballot. ... (P)otential candidates have been advised to circulate petitions for the offices and in the geographical districts under both the plans as developed by the lower court and the prior plan." Brief for County Board of Elections at 1. Thus it cannot be said that our decision today creates an undue burden for election officials.