586 A.2d 469

**Otis LYONS, Jr., Appellant,**

v.

**The CITY OF PITTSBURGH, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 1990.

Decided Jan. 24, 1991.

Petition for Allowance of Appeal Denied July 15, 1991.

John E. O'Donnell, with him, Stephen J. Zivic, Orie & Zivic, Pittsburgh, for appellant.

Howard J. Schulberg, Asst. City Sol., with him, Mary K. Conturo, City Sol., Pittsburgh, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, McGINLEY and BYER, JJ.

DOYLE, Judge.

Otis Lyons appeals an order of the Court of Common Pleas of Allegheny County granting summary judgment in favor of the City of Pittsburgh (City) and denying his motion for summary judgment. We affirm.

In November of 1987, Lyons was elected to the Pittsburgh City Council. He was elected at large to a four-year term expiring at the end of 1991. Prior to 1987, all City Council members were elected at large under the provisions of the City's 1976 Home Rule Charter.[1] However, in the 1987 primary election (the same election which elected Lyons as an at-large councilman), the Pittsburgh voters approved by referendum an amendment to the Home Rule Charter providing for district elections of all councilmen in place of the at-large system. An apportionment commission was created to establish the councilmanic districts and the commission's nine electoral districts scheme was confirmed by an order of the Court of Common Pleas of Allegheny

---

1. The City of Pittsburgh's Home Rule Charter went into effect in January of 1976.

County on October 24, 1988. In May of 1989, a primary election nominated candidates to vie for the nine district Council seats. In the general election of November, 1989, nine persons were elected and these nine council members all took their seats in January of 1990.[2] Lyons was not a candidate in either the 1989 primary or general election for City Council.

On December 28, 1989, Lyons filed a declaratory judgment action against the City seeking a declaration that he was entitled to complete the four-year Council term he had been elected to in 1987. The City filed preliminary objections in the nature of a demurrer on the grounds that Lyons failed to state a cause of action. The City also filed preliminary objections on the grounds that the trial court lacked jurisdiction and that Lyons failed to join as parties the nine newly elected City Council members. At argument on the preliminary objections, the parties stipulated that the facts were not in dispute and that the question of Lyons' right to office was purely one of law. The parties agreed that they would proceed as if the City had filed an answer to Lyons' complaint admitting all of the averments of fact and each party then moved for summary judgment. The trial court denied Lyons' motion for summary judgment and granted the City's motion for summary judgment. This appeal followed.

Lyons contends (1) that under Section 306 of the Home Rule Charter and Optional Plans Law (Act 62),[3] he has a right to continue in office as a councilman at-large until the end of his term, and (2) that under Section 304 of the City's Home Rule Charter he was also entitled to remain in office until the end of his term.

Our scope of review of a trial court's order granting summary judgment is limited to determining whether an error of law was committed or the trial judge abused his discretion. *Burnatoski v. Butler Ambulance Service*, 130

---

**2.** At oral argument this Court was informed that several at-large councilman were reelected to district council seats.

**3.** Act of April 13, 1972, P.L. 184, *as amended,* 53 P.S. § 1–306.

Pa.Commonwealth Ct. 264, 567 A.2d 1121 (1989). A trial court may grant summary judgment if the moving party shows there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Dowlin v. Coatesville Area School District*, 22 Pa.Commonwealth Ct. 433, 350 A.2d 190 (1975).

■ The law is well settled that public officers possess no vested right to a public office and a legislature or governing body may abolish a public office and oust the office holder prior to the completion of his term. *Commonwealth v. McCombs*, 56 Pa 436 (1867); *Suermann v. Hadley*, 327 Pa. 190, 193 A. 645 (1937). As the Pennsylvania Supreme Court stated in *Commonwealth v. Moir*, 199 Pa. 534, 49 A. 351 (1901):

There is no right to public office unless it is under the express protection of the constitution, and such protection is nowhere given to municipal officers. On the contrary, the universal rule is that ... the officers go out with the charter under which they held [office], and the officers under the new charter take their places....

*Id.*, 199 Pa. at 548–49, 49 A. at 355.

■ This rule was applied by the Pennsylvania Supreme Court in *Reapportionment of School District*, 507 Pa. 128, 488 A.2d 1106 (1985). In *Reapportionment*, the Court held that incumbent school directors ousted after their district was reapportioned had no constitutional or statutory right to serve out their elected terms. Therefore, as Lyons clearly has no constitutional right to continue in office, the only way he can retain his City Council seat is to demonstrate that it was saved by statute.

■ Lyons contends that Section 306 of Act 62 gives him the right to continue to serve the remainder of his City Council term. Section 306 states that "all elective officials of the municipality in office at the time of the *adoption* of a home rule charter shall continue in office until their terms expire." 53 P.S. § 1–306. This statute was plainly intended to protect elected officials in office at the time a munici-

pality initially adopted a home rule charter. As the City adopted its Home Rule Charter in 1976, Section 306 cannot give Lyons a statutory right to remain in office.

 Lyons argues, however, that Section 306 should apply because the amendment creating the district-wide electoral system constituted a change in the form of the City's government tantamount to the adoption of a new home rule charter. He relies on *Borough of Warren v. County Board of Elections of the County of Warren,* 59 Pa.Commonwealth Ct. 137, 425 A.2d 1113 (1981). That case is distinguishable, however, because it concerned, *inter alia,* an attempt to change councilmanic elections from an at-large basis to a district-wide basis within five years of the time the Borough of Warren first adopted its home rule charter. We held that such an action was forbidden within a five-year period pursuant to Section 218 of Act 62 which states that "the voters of any municipality . . . may not vote on the question of changing the form of government until five years after the . . . charter . . . became effective." 53 P.S. § 1–218. In the case we are now considering, more than five years has passed since the City's Home Rule Charter was adopted, so *Borough of Warren* is inapplicable. Moreover, in 1986, long after *Borough of Warren* was decided, the legislature added Section 221(b) to Act 62 which states:

> (b) Changes in the method of election of a municipal governing body from at-large elections to elections by district . . . may be implemented by amending a home rule charter or optional plan without the creation of a government study commission.

53 P.S. § 1–221(b).

The language of Section 221(b) clearly demonstrates the intent of the General Assembly to allow the amendment of existing home rule charters in order to change the system of electing council members. Hence, an amendment to an existing home rule charter changing the method of electing councilmen is not the equivalent of adopting a new home rule charter.

■ Last, Lyons asserts that Section 304 of the City's Home Rule Charter allows him to continue as a member of City Council. Section 304 states that "Council members shall serve for a term four years from the first Monday of January following their election." This Section merely describes the length of a City Council member's term, including the new council members; the language of this Section cannot be construed to give Lyons a property or statutory right to remain in the position of an at-large councilman after that office was abolished. Lyons argues, however, that the failure of the electorate to alter Section 304 suggests that the electors had no intention to shorten the terms of incumbent at-large council members. Since we have held, however, that Section 304 merely describes the length of a councilmanic term, and creates no substantive right to remain in an abolished position, this argument must fail.

We conclude, therefore, that the trial court correctly granted summary judgment in favor of the City and correctly denied Lyons' motion for summary judgment.

PELLEGRINI, J., did not participate in the decision in this case.

## ORDER

NOW, January 24, 1991, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.