590 A.2d 77

**James McCASKEY, Appellant,**

v.

**ALLEGHENY COUNTY DEPARTMENT OF ELECTIONS, Appellee.**

Commonwealth Court of Pennsylvania.

Argued April 5, 1991.

Decided April 17, 1991.

Reargument Denied May 16, 1991.

Sanford Kelson, Kelson & Slomski, Pittsburgh, for appellant.

No appearance for appellee.

Robert Paul Vincler, Pittsburgh, for amici curiae.

Before DOYLE and COLINS, JJ., and BARBIERI, Senior Judge.

COLINS, Judge.

James McCaskey (appellant) appeals an order of the Court of Common Pleas of Allegheny County (trial court) consolidating and dismissing both his Amended Petition to Appeal a Department of Elections Decision and his Petition to Amend the West Deer Township Home Rule Charter for the Appointment of a Township Manager/Secretary. We affirm.

Since 1973, West Deer Township (Township) has been and continues to be a Home Rule Charter community. In 1990, a petition was filed with the Allegheny County Department of Elections (Department) to amend the Township's Home Rule Charter to provide for election of instead of appointment of the Township manager/secretary. This issue was placed on the ballot during the November 1990 election and was passed by the electorate to be effective January 1, 1992. In 1991, a second petition was submitted to the Department with an issue to be placed on the May 1991 primary election ballot, providing for repeal of the recent amendment to the Township's Home Rule Charter and for re-establishment of the procedure by which the Township Board of Supervisors appoints the manager/secretary. The Department rejected placing this issue on the May 1991 ballot, and a petition to appeal the Department's decision was filed. The trial court consolidated this petition with a petition filed in opposition to the Petition to Amend the Township's Home Rule Charter for the Appointment of a

Township Manager/Secretary. On March 18, 1991, the petition appealing the Department's refusal to place the issue in question on the May 1991 ballot was argued before the trial court which, on March 19, 1991, dismissed this petition, along with the Petition to Amend the Township's Home Rule Charter to provide for appointing a manager/secretary. It is from this order that the present appeal is now brought before the Court.

The issue before us is whether the trial court abused its discretion or committed an error of law in upholding the Department's decision to reject placing the question of reestablishing appointment (instead of election) of the Township's manager/secretary on the May 1991 election ballot.

Appellant first argues that the trial court erred in upholding the Department's decision not to place the aforementioned "referendum" issue on the ballot because this issue does not, as the Department contends, propose a "change in the form of government" of the Township. Further, appellant takes issue with the trial court's opinion that includes the elected manager/secretary position within the Township's "governmental makeup." According to appellant, the position of manager/secretary (although elected), is essentially administrative and, unlike the Board of Supervisors, Tax Collector and Auditor positions, has no governing authority or powers other than those given by the Board of Supervisors. It is appellant's argument, therefore, that the manager/secretary should not be considered as part of the Township's "government," simply because it is an elected position.

Appellant also challenges the trial court's reasoning that Sections 218 and 219 of the Home Rule Charter and Optional Plans Law (Act 62),[1] apply to the present case of an

1. Act of April 13, 1972, P.L. 184, *as amended,* 53 P.S. §§ 1–218—1–219.
   Section 218 provides:
   The voters or any municipality which has adopted a home rule charter or an optional plan of government pursuant to this act may not vote on the question of changing the form of government until

elected manager/secretary, as to initiate the running of the "five year moratorium" on any changes in form of government. Distinguishing the matter before us from *Borough of Warren v. County Board of Elections*, 59 Pa.Commonwealth Ct. 137, 425 A.2d 1113 (1981), cited in the trial court's opinion, appellant avers that in *Borough of Warren*, voters attempted to amend their Home Rule Charter only three years after its effective date and that said amendments unarguably involved substantive changes to the form of government, whereas the present case simply involves changing the selection procedure for the manager/secretary.

Finally, appellant contends that appropriate statutory construction guidelines dictate a liberal interpretation of the Pennsylvania Election Code (Election Code).[2] Such an interpretation clearly was not adopted by the trial court when it arbitrarily ignored the fact that the present referendum question, proposing to change the selection procedure of the manager/secretary from election back to appointment, received a higher number of supporting signatures than did the first referendum, submitted in 1990, proposing the reverse.

After examining the record, we find neither abuse of discretion nor error of law in the well-authored opinion of the Honorable James H. McLean of the Court of Common Pleas of Allegheny County, affirming the Department's refusal to place the question at issue on the ballot because, in essence, it proposes a change in the form of government. Considering the fact that the prior referendum question

five years after the home rule charter or optional plan became effective.
Section 219 provides:
    For the purposes of this act, each of the optional forms of government provided by this act and each of said optional forms as modified by any available provisions concerning size or council, *election of municipal officials*, the basis for electing councilmen, is hereby declared to be a complete and separate form of government provided by the Legislature for submission to the voters of the municipality. (Emphasis added.)

2. Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600–3591.

(proposing to elect rather than appoint the manager/secretary) was put on the ballot in November 1990, approved by the voters, and scheduled to become effective January 1, 1992, the trial court correctly interprets Sections 218 and 219 of Act 62 as barring the electorate from voting on another change regarding the "election of municipal officials," until "five years after the home rule charter or optional plan" becomes "effective."

We further agree with the trial court's rationale in deciding that: (1) the position of the elected manager/secretary is an integral part of the Township's governmental composition, and that changes in the selection process of this position, however procedural and technical in nature, remain, nonetheless, "changes in the form of government;" and (2) compliance with Section 219 of Act 62 that provides "[e]lection of municipal officials . . . is hereby declared to be a complete and separate form of government provided by the Legislature for submission to the voters of the municipality," commenced the beginning of the five year waiting period that must elapse before implementing changes in the Township's form of government.

As the trial court's decision correctly reflects, the legislative intent underlying Sections 218 and 219 of Act 62 was to ensure a "reasonable testing period" for citizens to give a particular type of government "a fair chance to succeed," before capriciously rejecting it and shopping for an ostensibly more attractive alternative. *Borough of Warren* at 141, 425 A.2d at 1115.

Accordingly, based on the foregoing discussion, we affirm the order of the trial court.

ORDER

AND NOW, this 17th day of April, 1991, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

BYER, J., did not participate in the decision in this case.