629 A.2d 316

**Ray WOLFGANG, Jeff Hitchcock and "The Drive for Five", Appellants,**

**v.**

**ALLEGHENY COUNTY DEPARTMENT OF ELECTIONS.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 5, 1993.

Decided July 28, 1993.

Ray Wolfgang and Jeff Hitchcock, pro se.

Ira Weiss, Sol., and George M. Janocski, Deputy County Sol., for appellee.

Ashley C. Schannauer, Asst. City Sol. and Mary K. Conturo, City Sol., for intervenor City of Pittsburgh.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Ray Wolfgang, Jeff Hitchcock and "The Drive for Five" (collectively, Appellants) appeal pro se from an order of the Court of Common Pleas of Allegheny County which affirmed the decision of the Allegheny County Department of Elections (Department) denying Appellants' petition to place a referendum on the November 1992 election ballot. By order dated November 19, 1992, this Court granted the City of Pittsburgh (City) leave to intervene and the City filed a brief in opposition to this appeal. The issue presented is whether the trial court erred in holding that a 1990 change in the City of Pittsburgh Home Rule Charter (Charter)[1] in 1990 changed the "form of government" and thereby commenced a five-year waiting period on referenda calling for additional changes in the "form of government."

Section 302 of the Charter, 302 Pa.Code § 11.3–302, was amended effective January 1, 1990 to change the method of electing council members from election at-large to election by districts. Although the amendment at issue was approved in a

1. 302 Pa.Code §§ 11.1–101–11.8–11.

1987 referendum, it became effective on January 1, 1990 when the first council members elected by districts took office. On August 4, 1992, Appellants filed a petition with the Department requesting that a referendum be placed on the November, 1992 election ballot questioning whether composition of the city council should be reduced from nine to five members elected by districts.

Section 218 of the Home Rule Charter and Optional Plans Law (Law), 53 Pa.S. § 1–218, provides that:

> The voters of any municipality which has adopted a home rule charter ... may not vote on the question of changing the form of government until five years after the home rule charter ... became effective.

In *McCaskey v. Allegheny County Department of Elections,* 139 Pa.Commonwealth Ct. 229, 590 A.2d 77 (1991), this Court held that the five-year moratorium of Section 218 is also commenced by any amendment to a home rule charter which alters the form of government. Before the trial court, Appellants argued that their proposal would not change the "form of government." On appeal to this Court, however, Appellants concede that their 1992 proposal would change the "form of government," but argue that the 1990 amendments did not change the "form of government." The dispositive issue therefore is whether the 1990 amendment was a change in the "form of government" which commenced the running of the five-year waiting period before further vote could occur on the question of changing the form of government.

This Court has described the history of the amendment at issue as follows:

> Prior to 1987, all City Council members were elected at large under the provisions of the City's 1976 Home Rule Charter. However, in the 1987 primary election ... the Pittsburgh voters approved by referendum an amendment to the Home Rule Charter providing for district elections of all councilmen in place of the at-large system. An apportionment commission was created to establish the councilmanic districts and the commission's nine electoral districts

scheme was confirmed by an order of the Court of Common Pleas of Allegheny County on October 24, 1988. In May of 1989, a primary election nominated candidates to vie for the nine district Council seats. In the general election of November, 1989, nine persons were elected and these nine council members all took their seats in January of 1990....

*Lyons v. City of Pittsburgh,* 137 Pa.Commonwealth Ct. 330, 586 A.2d 469, *appeal denied,* 527 Pa. 670, 593 A.2d 845 (1991) (footnotes omitted). In *Lyons,* the issue before this Court was whether a Pittsburgh council member who was elected in an at-large election before the amendment could remain in office after the effective date of the amendment when a new city council was elected by districts.

Section 219 of the Law, 53 Pa.S. § 1–219, sets forth what constitutes a change in the "form of government":

For purposes of this act ... each of said optional forms as modified by any available provisions concerning size of council, election of municipal officials, *the basis for electing councilmen, is hereby declared to be a complete and separate form of government* provided by the legislature for submission to the voters of the municipality. (Emphasis added).

Section 102 of the Law, *as amended,* 53 P.S. § 1–102, defines "optional forms" as a "general description including both home rule charters and optional plans." Since the 1990 amendment to the Charter changed the basis of electing council members, the amendment constitutes a change in the form of government under Section 219.

This Court reached a similar conclusion in *Borough of Warren v. County Board of Elections,* 59 Pa.Commonwealth Ct. 137, 425 A.2d 1113 (1981). In *Borough of Warren,* this Court held that a proposed change affecting the size of council and the method of electing council members was a change in the form of government under Section 219. In *McCaskey,* this Court again interpreted Section 219 and held that a ballot question which proposed changing the method of selecting a township manager/secretary from election to appointment was

a change in the form of government subject to the five-year waiting period set forth in Section 218. In so holding, this Court stated that even procedural and technical changes in the selection process of a government official constituted changes in the form of government.

In *McCaskey*, this Court noted that the legislative intent underlying the five-year waiting period was to ensure a reasonable testing period for citizens to give a particular type of government a fair chance to succeed before capriciously rejecting it in search of an ostensibly more attractive alternative. In the matter sub judice, the intent of the legislature would be better served by allowing the citizens of Pittsburgh a reasonable period of time to test the form of government created by the 1990 amendment before voting on some other alternative to the present system. Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 28th day of July, 1993, the order of the Court of Common Pleas of Allegheny County is affirmed.

PELLEGRINI, J., did not participate in the decision in this case.