616 A.2d 751

John B. KEENAN, Joanne I. Keenan, James R. Wolfer, Donna M. Houghtailing, Dennis H. Hattersley, Thomas J. Kiniry, Marian K. Kiniry, Betty S. Dollman, Samuel B. Kuhn, Miriam E. Kuhn, Daniel W. Morrison, Sharon M. Morrison, William R. Kennedy III, Renata A. Kennedy, James F. Bower, Mary K. Bower, M. Hagan Manning, F. Denise Manning, Christopher P. Lewis, Amy G. Lewis, Samuel B. Slike, Roslyn F. Slike, Philemon R.

Claytor, Nancy E. Claytor, Gary E. Norton, Melissa L. Norton, Chung Jeng Chyou, Frances St. Chyou, Donald J. Dunne, Jr., Theresa A. Dunne, Richard L. Baker, Kathy J. Baker, George T. Forese, Barbara J. Forese, Leonard L. Mihalovich, and Patricia A. McDowell, Benjamin A. Corteza and Linda L. Corteza, Appellants,

v.

SCOTT TOWNSHIP AUTHORITY, Appellee.

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1992.

Decided Oct. 22, 1992.

Reargument Denied Dec. 15, 1992.

228

Gary E. Norton, for appellants.

P. Jeffrey Hill, for appellee.

Before PALLADINO and SMITH, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Appellants, homeowners who reside within the KirkWood subdivision in Scott Township (Homeowners), appeal the order of the Court of Common Pleas of Columbia County (trial court) which denied Homeowner's motion for summary judgment and granted the cross-motion for summary judgment of Appellee, Scott Township Authority (Authority). We reverse.

Homeowners filed an Action for Declaratory Judgment seeking a declaration that as homeowners of the KirkWood subdivision they do not owe to the Authority any amount for tapping fees and connection charges assessed by the Authority after June 18, 1990, and ordering the Authority to issue appropriate sewage and building permits to the homeowners without payment of those charges.

The facts alleged in the complaint are as follows: On September 10, 1984 an agreement was executed by the devel-

opers of KirkWood, Delmar R. Ziesloft and James D. Zeisloft, t/a Zeisloft Construction Company, and the Authority, (Agreement), subsequently recorded, which contained a provision that, at no cost or expense to the Authority, Developers would construct a sewage collection facility to service the development. The system was designed in accordance with plans and specifications approved by the Authority, and after completion and final inspection, Developer dedicated to the Authority all of its rights, title and interest in and to all such facilities.

On June 18, 1990, Scott Township enacted a number of ordinances to set up a township-wide sewage collection system. All owners of improved property located within the township were thereafter required to connect with and use the sewer system.

Also on June 18, 1990, pursuant to the request and consent of the Township, the Authority enacted resolutions imposing charges designed to finance the new sewage system. These charges were payable by the owners of such improved property. One such charge, labelled a connection charge, was determined by multiplying the applicable charge (based on the date of payment) times the number of "Equivalent Dwelling Units." Thus, the connection charge was based in part on sewage capacity and was payable only upon connection to the system. Another charge, labelled a tapping fee was a flat rate fee of $500.00, also payable upon connection to the sewage system.

In December of 1990, the Pennsylvania Legislature amended section 306 B(t) of the Municipality Authorities Act of 1945 (Act), Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. § 306 B(t). Section 306 B(t) of the Act authorizes municipal authorities to impose certain rates and charges to property owners who desire to or are required to connect to an authority's sewer or water system. The amendments to subsection (t) became effective on June 17, 1991 and substantially altered the nomenclature required to be used by municipal authorities with regard to charges for connection to a sewage system. *Id.*

In order to comply with the new requirements of Section 306 B(t) of the Act, the Authority passed a resolution on June

10, 1991 which repealed the resolutions of June 18, 1990 and simply reversed the terminology used with regard to the sewage connection fees imposed by those resolutions. Under the June 10, 1991 resolution, the "Tapping Fee" was now based in part upon capacity, and the "Connection Fee" was now a flat rate. Both charges remained payable only upon connection to the township sewage collection system.

On appeal, Homeowners present four issues: (1) whether the trial court erred in granting summary judgment in favor of the Authority because the Agreement prohibits the assessment of hook-up fees upon Homeowners; (2) whether the building restrictions filed with respect to the KirkWood subdivision alter the Homeowners' exemption from hook-up fees as created by the Agreement; (3) whether the Homeowners have waived any claim of exemption from the hook-up fees by paying those fees to the Authority; (4) whether the trial court erred in denying Homeowners' motion for summary judgment.[1]

■ As to the first issue, Homeowners argue that the express language of section 17 of the Agreement prohibits the Authority from imposing any fees related to connecting them to the township-wide sewage collection system. Section 17 provides:

### SECTION 17. TAPPING FEES AND CONNECTION CHARGES

In the event that SCOTT AUTHORITY shall undertake the construction of a township sewer system and in further

1. The trial court in this case failed to draft an opinion in support of its order, choosing instead to adopt the opinion written for a similar case, *Citizens Against Unfair Treatment v. Scott Township*, No. 594 of 1991 in the Court of Common Pleas of Columbia County, appealed to Commonwealth Court, 151 Pa.Commonwealth Ct. 235, 616 A.2d 756 (1992). Although the ordinances and fees at issue are the same in both cases, the developer agreement in *Citizens*, unlike that of the present case, specifically reserved the Authority's right to impose tapping and connection fees upon the homeowners rather than granting them an exemption. This is a significant factual difference which makes the rationale of the trial court for granting summary judgment in favor of the Authority in *Citizens* inapplicable to the present action.

event that such Township sewer system shall be designed to and shall include the DEVELOPMENT system, SCOTT AUTHORITY agrees not to charge any additional hook-up fees or front foot assessment charges with respect to any of the thirty-seven (37) lots encompassed by the "KirkWood" subdivision. In addition, SCOTT AUTHORITY may consider, at its sole discretion, making an allowance to individual owners of lots in "KirkWood" subdivision in determining the user fees for residents of "KirkWood" by reason of the precedent installation of the DEVELOPMENT collection system constructed and installed at the cost and expense of the DEVELOPER.

(R.R. 34 a)

■ Where language is clear and unambiguous, the focus of interpretation is upon the terms of the agreement as manifestly expressed, rather than the silent intent of the parties. *Delaware River Port Authority v. Thornburgh*, 137 Pa.Commonwealth Ct. 7, 585 A.2d 1123, 1125 (1989), citing *Steuart v. McChesney*, 498 Pa. 45, 48–49, 444 A.2d 659, 661 (1982).

■ The heading of Section 17 specifically refers to the charges from which Homeowners are claiming exemption, "TAPPING FEES AND CONNECTION CHARGES." When construing a contract, we must consider the entire instrument. *State College Manor, Ltd. v. Commonwealth of Pennsylvania, Department of Public Welfare*, 133 Pa.Commonwealth Ct. 343, 576 A.2d 407, *appeal dismissed*, 525 Pa. 263, 579 A.2d 1294 (1990). By its express terms, the "whole" contract exempts Homeowner's from payment of any additional fees associated with "hook-up" to the sewage collection system. In fact, Appellee admits in its brief that, "[t]he Developer Agreement, if valid, purports to exempt the Plaintiffs from any additional 'hook-up fees or front foot assessment charges.'" Brief for Appellee at 21.

Authority argues, however, that the tapping fee cannot be considered a "hook-up" fee simply because it is based, in part, upon capacity. We do not agree. According to the resolutions passed by the Authority, both the tapping fee and the

connection fee are one-time only charges. These charges were assessed in direct response to the Township's ordinance requiring all owners of improved property to *connect* with and use the sewer system. Thus, regardless of the basis for determining the charge, these fees were designed to enable landowners initial access to the township-wide sewage collection system and are therefore prohibited by the terms of the Agreement.

Accordingly, we hold that the trial court erred in granting summary judgment in favor of the Authority. Homeowners do not owe the Authority any amount for the tapping fees and connection charges assessed by the Authority after June 18, 1990.

■ In support of its claim that summary judgment should be entered on their behalf, Homeowners next contend that the Building Restrictions (Restrictions) filed with respect to the KirkWood subdivision have no effect upon the exemption created by the Agreement. We agree. On September 1, 1984 the Developer, Zeisloft Construction drafted a document entitled, "Building Restrictions and Covenants", which was subsequently recorded by the Developer. The Authority was in no way involved in the creation of this document, nor was it a party to it.

Authority claims that Paragraph 15 of the Restrictions eliminates any right to exemption which may have been created by Section 17 of the Agreement. Paragraph 15 of the Restrictions provides in pertinent part:

All dwelling houses erected upon any lot in the Subdivision will be connected to the sewer collection system upon such sewer system becoming operational.... Any and all municipal assessments levied subsequent to the sale of a lot shall be assumed by the individual lot owner ...

(R.R. 114a)

Upon review of the Restrictions taken as a whole, it is evident that the purpose in drafting such a document was to protect the Developer from future liability and establish specific aesthetic guidelines for the KirkWood housing develop-

ment. It simply would not be reasonable for this court to conclude that the Developer, in drafting this document, intended to unilaterally abandon the rights of exemption from specific connection charges created by an express contract, the Agreement, which it was in the process of negotiating with the Authority.

Accordingly, we hold that as a matter of law the Restrictions filed with respect to the KirkWood subdivision do not alter the exemption from payment of hook-up fees created by section 17 of the Agreement.

■ The third issue presented on appeal is whether Homeowners' claim of exemption from the connection fee (deemed a tapping fee at time of payment) was waived by their payment of the fee without protest to the Authority.[2] In accordance with the local ordinance, each homeowner paid the fee to the Authority as a precondition to securing a sewage permit.[3]

■ Authority contends that the act of paying the fee from which Homeowners now claim exemption constitutes conduct which warrants an inference of relinquishment of any claim of exemption.[4] Brief of Appellant at 38. However, a mere inference of relinquishment is not legally sufficient to constitute a waiver. See *Brown v. City of Pittsburgh*, 409 Pa. 357, 186 A.2d 399, 401 (1962).

■ A waiver in law is defined as the act of intentionally relinquishing or abandoning some known right, claim or privilege. *Id.* To constitute a waiver of a legal right, there must be a clear, unequivocal and decisive act of the party who is claimed to have waived its rights, with knowledge of such right

2. Homeowners Daniel W. Morrison, Sharon M. Morrison, Gary E. Norton and Melissa L. Norton paid the fee pursuant to a written agreement with the Authority that doing so would not act as a waiver of their rights under Section 17 of the Developer Agreement.

3. Although the amount of the fee varied according to the date of payment, all Homeowners who are parties to this action have paid the connection fee.

4. As Homeowners have not paid the tapping fee assessed by the Authority, waiver is not an issue with regard to their claim of exemption from payment of that particular fee.

and an evident purpose to surrender it. *Wohlgemuth v. Armacost,* 18 Pa.Commonwealth Ct. 394, 336 A.2d 455 (1975).

Homeowners' actions, in paying a fee which was required to be paid before construction of their homes could begin, does not establish an evident purpose on Homeowners' part to surrender their claim of exemption nor does it establish an intentional relinquishment of their rights. Thus, as a matter of law, Homeowners have not waived their claim of exemption from payment of the tapping fee.

█ The final issue presented upon appeal is whether the trial court erred in denying Homeowners' motion for summary judgment. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b); *Lyons v. City of Pittsburgh,* 586 A.2d 469, 137 Pa.Commonwealth Ct. 330, *allowance of appeal denied,* 527 Pa. 670, 593 A.2d 845 (1991).

Based upon a review of the record and the cross-motions for summary judgment of the Authority and Homeowners, we conclude that this action does not present a genuine issue of material fact. As we have previously held that the trial court erred as a matter of law in granting summary judgment in favor of the Authority, we reverse the trial court's order granting summary judgment in favor of Authority. We also reverse the order of the trial court denying summary judgment in favor of Homeowners and enter summary judgment on their behalf.

## ORDER

AND NOW, October 22, 1992, the order of the Court of Common Pleas of Columbia County in the above-captioned matter is reversed. Summary judgment is entered on behalf of Homeowners.