616 A.2d 756

CITIZENS AGAINST UNFAIR TREATMENT, by
Stephen A. MICHAEL and Dean E. Sorber,
Trustees ad litem, Appellants,

v.

SCOTT TOWNSHIP and Scott Township Authority, Appellees.

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1992.

Decided Oct. 22, 1992.

Petition for Allowance of Appeal Denied March 3, 1993.

Richard W. Knecht, for appellants.

P. Jeffrey Hill, for appellees.

Before PALLADINO and SMITH, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Appellants, Citizens Against Unfair Treatment (Citizens), an unincorporated association consisting of owners of improved residential property located within the Skyview Acres subdivision of Scott Township, appeal the order of the Court of Common Pleas of Columbia County (trial court) which granted summary judgment in favor of Appellee, Scott Township Authority (Authority). We affirm.

Citizens filed an Action for Declaratory Judgment seeking a declaration that as homeowners of the Skyview Acres subdivision they are exempt from various sewage system connection charges imposed by the Authority. In Count I of the complaint, Citizens assert that they have been released from payment of the charges, while in Count II of the complaint, Citizens assert that the charges are unreasonable as applied to them.

The facts alleged in the complaint are as follows: On April 14, 1977 an agreement was executed by the developers of Skyview Acres, Delmar R. Zeisloft and James D. Zeisloft, t/a Zeisloft Construction Company (Developer), and the Authority, (Agreement), subsequently recorded, which contained a

provision that at no cost or expense to the Authority, Developers would construct a sewage collection facility to service the development. The system was designed in accordance with plans and specifications approved by the Authority, and after completion and final inspection, Developer dedicated to the Authority all of its rights, title and interest in and to all such facilities.

By letter dated August 1, 1980, Developer requested the Authority to exempt property owners of Skyview Acres from any charges when hooking onto the Scott Township sewer system if and when the township were to construct such a system. In response, the Authority forwarded a letter dated November 10, 1980, indicating that the property known as Skyview Acres would be exempt from any front foot assessment and any newly established tapping fee.

On June 18, 1990, Scott Township enacted a number of ordinances to set up a township-wide sewage collection system. All owners of improved property located within the township were thereafter required to connect with and use the sewer system.

Also on June 18, 1990, pursuant to the request and consent of the Township, the Authority enacted resolutions imposing charges designed to finance the new sewage system. These charges were payable by the owners of such improved property. One such charge, labelled a connection charge, was determined by multiplying the applicable charge (based on the date of payment) times the number of "Equivalent Dwelling Units." Thus, the connection charge was based in part on sewage capacity and was payable only upon connection to the system. Another charge, labelled a tapping fee, was a flat rate fee of $500.00 (based upon time of payment), also payable upon connection to the sewage system.

In December of 1990, the Pennsylvania Legislature amended section 4(t) of the Municipality Authorities Act of 1945 (Act), Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. § 306B(t). Section 306B(t) of the Act authorizes municipal authorities to impose certain rates and charges to property owners who desire to or are required to connect to an authori-

ty's sewer or water system. The amendments to subsection (t) became effective on June 17, 1991 and substantially altered the nomenclature required to be used by municipal authorities with regard to charges for connection to a sewage system. *Id.*

In order to comply with the new requirements of Section 306B(t) of the Act, the Authority passed a resolution on June 10, 1991 which repealed the resolutions of June 18, 1990 and simply reversed the terminology used with regard to the sewage connection fees imposed by those resolutions. Under the June 10, 1991 resolution, the "Tapping Fee" was now based in part upon capacity, and the "Connection Fee" was now a flat rate. Both charges remained payable only upon connection to the township sewage collection system.

In an opinion and order dated October 22, 1991, the trial court granted the Authority's motion for summary judgment and dismissed Citizens' complaint. On appeal,[1] Citizens present two issues: (1) whether the trial court erred in granting summary judgment in favor of the Authority because genuine issues of material fact exist concerning the correspondence between the Authority and the Developer and its effect on the pre-existing Agreement; and (2) whether the trial court erred in concluding that the $1,000.00 capacity based fee was reasonable as applied to them.

As to the first issue, Citizens argue that the letters exchanged between Developer and the Authority evidence an intent to release them from any charges relating to initial connection to the township-wide sewage collection facilities and act to supersede the original Agreement. In this action the Agreement specifically reserves the Authority's right to impose tapping fees and/or connection charges upon property owners in the development. Section 16 of the Agreement provides in pertinent part:

Section 16. *Tapping fees and Connection Charges*

---

1. Our scope of review of a trial court's order granting summary judgment is limited to determining whether any error of law was committed or whether the trial court abused its discretion. *Lyons v. City of Pittsburgh,* 137 Pa.Commonwealth Ct. 330, 586 A.2d 469, *allowance of appeal denied,* 527 Pa. 670, 593 A.2d 845 (1991).

SCOTT AUTHORITY reserves the right, pursuant to the Pennsylvania Municipal Authorities Act, to impose tapping fees and/or connection charges upon property owners in the PROJECT or upon DEVELOPER, as the case may be, as part of its financing of the SCOTT SYSTEM. SCOTT AUTHORITY, further, reserves the right, granted in said Municipality Authorities Act, to reimburse DEVELOPER from tapping fees collected for the cost of the PROJECT sewer facilities (but not the CONNECTION lines for which there shall not, in any case, be any reimbursement); provided, however, nothing contained herein shall require or be deemed to require such reimbursement.

(R.R. 49a).

The Developer, in an apparent attempt to modify the Agreement, drafted a letter, mentioned previously, dated August 1, 1980, to the Authority. That letter provides in pertinent part:

The cost of the sewer lines have been prorated into the individual lots when sold, therefore the property owners have paid for their *front footage* plus a *$250.00 hook up fee* paid to the township. It was discussed at the beginning of this project in 1971 by our company and Scott Township Supervisors that the property owners would be exempt from any charges when hooking on to [the] Scott Township main sewer system if and when the township constructed such a system, the lot owners would be to [sic] pay for gallonage used only. (emphasis added).

(R.R. 9a).

According to the minutes of the November 6, 1980 Authority Board meeting, the Chairman of the Board, Mr. Louis V. Mingrone, proposed that, in return, a letter be sent to Developer to inform him that Skyview Acres would be exempt from front foot assessment that may be imposed, and that all improved properties be exempt from a tapping fee in that development, as presently designed. That letter, mentioned previously, provides in pertinent part:

In compliance with your request, this letter is being sent to you to reiterate the discussions with the Authority Board

and Mr. Marcucci at our meeting of November 6, 1980, regarding the proposed Township-wide sewer system.

Please be advised that if the Township project goes through, the property known as Skyview Acres, as now designated, will be exempt from any *front foot assessment* and all improved properties will be exempt from any new established *tapping fee*.   (emphasis added).

(R.R. 12a).

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.   Pa.R.C.P. 1035(b); *Lyons v. City of Pittsburgh*, 137 Pa.Commonwealth Ct. 330, 586 A.2d 469, *allowance of appeal denied*, 527 Pa. 670, 593 A.2d 845 (1991).   The trial court determined that this action failed to present a genuine issue of material fact, holding, that as a matter of law, the two letters when read together make clear that the Authority's intent was to exempt Citizens from being charged the same type of fee twice, not to exempt them from all fees associated with future construction and upgrading of the township's sewer system.   We agree.

Although Developer, by letter, requested that the property owners of Skyview Acres be exempt from any charges when hooking onto the township-wide sewage system [2] and be required to pay for gallonage used only, the Authority, by letter, exempted those property owners only from payment of front foot assessments and any new tapping fee; the same two fees which the property owners have already paid.   Neither the Agreement, the minutes of the Authority Board meeting, nor the letter drafted by the Authority in response to Developer's request, evidence any intent on their part to exempt Citizens from payment of a capacity based hook-up fee which was, at that time, referred to as a connection charge.   In fact, the

2. This Court has previously determined in *Keenan, et. al. v. Scott Township Authority*, 151 Pa.Commonwealth Ct. 225, 616 A.2d 751, (1992), that both the newly established $500.00 flat rate connection fee and the $1,000.00 capacity based tapping fee are hook-up fees, designed to enable homeowners in Scott Township initial access to the township-wide sewage system.

Authority specifically reserved the right to impose such a fee in the original Agreement.

Further support of the trial court's interpretation can be found in an examination of the Authority's actions. The Authority has specifically exempted Citizens from payment of the newly established $500.00 flat rate connection fee based upon their previous payment of the then $250.00 flat rate tapping fee. Additionally, no front foot assessments have been imposed upon the property owners of Skyview Acres.

Thus, we do not agree with Citizens' contention that the correspondence exchanged between Developer and the Authority exempts Citizens from payment of the capacity based fee. We hold, as a matter of law, that the correspondence exchanged between Developer and the Authority does not wholly supersede the Agreement and does not exempt Citizens from payment of the $1,000.00 capacity based tapping fee.

■ As to the second issue, Citizens claim that the trial court erred in concluding that the $1,000.00 capacity based tapping fee was reasonable as applied to them. Our review of a rate resolution is limited to whether there has been a manifest and flagrant abuse of discretion by the municipal authority or an arbitrary establishment of the rate system. *Township of Kennedy v. Ohio Valley General Hospital*, 129 Pa.Commonwealth Ct. 494, 566 A.2d 348 (1989).

■ Citizens maintain that the Authority's actions are "unreasonable in that there has been no allegation or answer that $86,000 is reasonable to change a connection point." Brief for Appellant at 9. The burden of proving that an authority flagrantly and manifestly abused its discretion rests upon the party challenging such action. *Township of Hopewell v. The Municipal Water Authority of the Borough of Aliquippa*, 82 Pa.Commonwealth Ct. 134, 475 A.2d 878 (1984). Citizens, however, fail to direct us to any law in support of their contention that the fee is unreasonable.

Additionally, Citizens admit in their complaint that they will receive some benefit from their connection to the township-wide sewage collection system. Therefore, we hold that Citi-

242

zens have failed to meet their burden of proving that the tapping fee imposed by the Authority is unreasonable as applied to them.

Accordingly, the order of the trial court granting summary judgment in favor of the Authority is affirmed.

## ORDER

AND NOW, October 22, 1992, the order of the Court of Common Pleas of Columbia County in the above-captioned matter is affirmed.