APPENDIX A

MORGAN SIGNS, INC., Petitioner,

v.

**PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 16, 1996.

Decided May 23, 1996.

Alan R. Krier, for Petitioner.

1. 67 Pa.Code § 445.6(d)(4) states:
(4) In the case of a conflict among two or more signs *with the same priority,* a permit will be issued for the sign which the Secretary

Chester J. Karas, Jr., Assistant Counsel, for Respondent.

Before McGINLEY and FLAHERTY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Morgan Signs, Inc. (Morgan), appeals from an order of the Secretary of Transportation (Secretary) denying Morgan's exceptions to a proposed report of a Department of Transportation (DOT) hearing officer and making said report final.

The facts are as follows. A newly constructed limited access highway, to be known as Route 220 (Route 220) was to be officially opened by DOT in Antis Township on November 15, 1993 at 9:30 a.m.. Prior to this date and time, representatives of both Morgan and Penn Advertising (Penn) inquired with DOT as to when they could submit applications for outside advertising permits to erect signs along Route 220. Because DOT has a statewide unwritten policy of not accepting outdoor advertising permit applications prior to a highway's official opening, both Morgan and Penn were informed that applications would be accepted on November 15, 1993 at 9:30 a.m..

On November 15, 1993, a representative from Morgan arrived at DOT's filing office prior to 9:30 a.m., in order to file Morgan's permit application. A representative from Penn was also present at DOT's filing office prior to 9:30 a.m. on November 15, 1993, in order to file an application for outdoor advertising permits on behalf of Penn. At 9:30 a.m., both the representative from Penn and the representative from Morgan approached the clerk in the filing office to file their papers. Because the clerk could only physically stamp one application at a time, Penn's application was time-stamped first, indicating the time to be 9:30 a.m., and Morgan's application was time-stamped next, indicating the time to be 9:31 a.m..

Despite the fact that DOT regulation, 67 Pa.Code § 445.6(d)(4),[1] specifically provides that "the sign for which application was first received by the Department" would be issued a permit where a conflict between two or more signs with the same priority existed,

determines is most in the interest of the traveling public, or, at the option of the Secretary, the sign for which application was first received by the Department. (Emphasis ours).

and despite the fact that Morgan, although present in the filing office at 9:30 a.m. on November 15, 1993 was aware that Penn's application was time-stamped prior to its application by the clerk, failed, in any manner, to challenge the fact that Penn's application was time stamped one minute before its application.[2]

Thereafter, on November 16, 1993, Jerome P. Allen, a DOT Outdoor Advertising Control Manager, received on his desk both Penn's and Morgan's applications. On November 19, 1993, he and another DOT representative drove to the location where Penn's signs were proposed to be placed as set forth in its application and measured the distance between Penn's proposed sign locations and Morgan's proposed sign location. Upon measuring the foregoing distances, they determined that Morgan's proposed sign location was within 500 feet of Penn's proposed locations in violation of DOT regulation 67 Pa.Code § 445.4(b)(2).[3]

On December 27, 1993, DOT mailed Morgan a letter stating that its "Application for Advertising Device Permit, dated November 15, 1993, for a permit to erect a sign at the referenced location is denied." (R.R. 59a).[4] The following reasons were given for the denial:

TITLE 67 Pennsylvania Code, Chapter 445.4 (spacing of signs) along limited access highways no two sign structures shall be placed less than 500 feet apart.

The sign location indicated in your application is closer than 500 feet from previously issued permit application locations.

**2.** We note that Morgan's representative testified that he was aware that he was competing with Penn, as far as having their applications stamped, when they were at the filing office on November 15, 1993.

**3.** 67 Pa.Code § 445.4(b)(2), entitled, *Spacing of signs*, provides, in relevant part:

(i) Along the interstate system and limited access highways on the primary system, no two sign structures may be spaced less than 500 feet apart . . .

Morgan, by its attorney, appealed from the foregoing denial[5] by letter dated January 3, 1994, stating the following:

I am counsel for Morgan Signs, Inc. in connection with the enclosed permit application denial. We believe that the denial is improper in that there is no prior permit application. We therefore appeal said decision and request a hearing thereon.

A hearing was conducted on June 30, 1994, before a DOT hearing officer, following which, on December 20, 1994, a proposed report issued affirming the denial of Morgan's permit application. Thereafter, Morgan filed exceptions to the hearing officer's proposed denial, which, by order dated June 14, 1995, the Secretary denied, and in which, the Secretary made the hearing officer's proposed report final. It is from this order that Morgan now appeals here.

Regardless of the fact that Morgan failed to immediately challenge DOT's clerk time-stamping its application one minute after Penn's on November 15, 1993 even though both its representative and Penn's representative were present at 9:30 a.m., Morgan now asserts that this occurrence was improper.[6] However, Morgan's inaction in challenging the matter at the time it occurred operated as a waiver, precluding Morgan from challenging the matter here.

■ A waiver in law is defined as the act of intentionally relinquishing or abandoning some known right, claim or privilege. *Keenan v. Scott Township Authority*, 151 Pa. Cmwlth. 225, 616 A.2d 751 (1992), *petition for allowance of appeal denied*, 535 Pa. 671, 634 A.2d 1118 (1993). Moreover, by one's action or inaction, one may be deemed to have waived rights statutorily or constitutionally guaranteed where waiver is not contrary to public policy. *In re Diamond's Appeal*, 413 Pa. 379, 196 A.2d 363 (1964).

**4.** The exact date is unclear from the record, but at some point prior to Morgan's denial, Penn's permits were approved and its signs were erected.

**5.** We note that Penn was not a party to Morgan's appeal.

**6.** We note that Morgan constitutionally challenges DOT's regulations and procedures in this appeal, as well as a number of other issues, all of which we need not address based on our disposition herein.

As noted previously herein, Penn's application for a sign permit was granted based on its application being submitted on November 15, 1993 at 9:30 a.m.. Also, as previously stated herein, Morgan knew Penn's application was time-stamped one minute before its application even though both Morgan's and Penn's representatives were simultaneously present at 9:30 a.m. on November 15, 1993 in DOT's filing office in full compliance with DOT's directive as to the time for filing applications for sign permits along Route 220. Furthermore, Morgan was aware of DOT regulation 67 Pa.Code § 445.6(d)(4) relating to conflicts among two or more signs with the *same priority*.

Morgan, notwithstanding being in DOT's filing office simultaneously with Penn at the specific time directed by DOT for filing sign permit applications, neither at that time nor at any time prior to December 27, 1993, challenged the time-stamping of Penn's application one minute before its application. Morgan knew or should have known that the filing time is a significant and critical part of the application process for obtaining a sign permit.

■ Morgan's failure to challenge DOT's time-stamping of Penn's application one minute earlier than Morgan's until after its application was denied constituted a waiver of its right to challenge the timing sequence which adversely affected its application.

■ Based on the foregoing, we affirm the order of the Secretary of Transportation.[7]

### ORDER

AND NOW, this 23rd day of May, 1996, the order of the Secretary of Transportation dated June 14, 1995 is affirmed.

**7.** We note that we may affirm the order of the tribunal below regardless of the reasons given therefore, if the order is correct for any reason.

*Department of Public Welfare v. Dauphin County,* 90 Pa.Cmwlth. 295, 495 A.2d 214 (1985).