**Andrew S. PROUSI, Plaintiff,**

v.

**CRUISERS DIVISION OF KCS INTERNATIONAL, INC.**

and

**Crusader Marine Engines, Defendant**

**Civil Action No. 95–6652.**

United States District Court,
E.D. Pennsylvania.

Aug. 28, 1997.

Craig Thor Kimmel, Cynthia M. Certo, Kimmel & Silverman, P.C., Blue Bell, PA, for plaintiff.

Cary L. Flitter, Beth G. Schulman, Lundy, Flitter & Beldecos, P.C., Stuart R. Lundy, Narberth, PA, Steven T. O'Neill, Sean P. Flynn, Fox, Differ, Callahan, Sheridan, O'Neill & Lashinger, Norristown, PA, for defendants.

## OPINION

LOUIS H.POLLAK, District Judge.

In this case, plaintiff Andrew S. Prousi (hereinafter "Prousi") has brought warranty

claims against defendants Cruisers, a Division of KCS International, Inc. ("Cruisers") and Crusader Marine Engines ("Crusader") in connection with plaintiff's purchase of a yacht manufactured by defendant Cruisers. Cruisers has moved for summary judgment.[1] Plaintiff has invoked diversity jurisdiction; however, as will be clear from the discussion below, plaintiff's claims under the federal Magnuson–Moss Warranty Act would support federal question jurisdiction in any event.

## I. Background

In passing on a motion for summary judgment, the court must review the evidence in the light most favorable to the non-moving party, in this case Prousi.[2] So viewing the record, it appears that on April 11, 1995, Prousi purchased a yacht from Greenwich Boat Works in New Jersey, an authorized dealer of Cruisers boats. The boat was manufactured by Cruisers in all respects other than that of the engine, which was manufactured and warranted separately by defendant Crusader. The vessel was launched in Greenwich in May 1995; thereafter Prousi hired Tim Silvio to pilot the boat to Delaware and eventually to Maryland. Prousi testified in his deposition that the vessel stalled several times in the course of its journey and that he reported this to Greenwich Boat Works.

In July 1995, Prousi notified Kenneth Hayes, an agent of Cruisers, of several minor problems he was having with his boat. Prousi had these problems repaired by local mechanics. After Prousi notified Cruisers of these problems, Cruisers sent parts at no charge and notified Greenwich Boat Works that Cruisers would reimburse Prousi for his other expenses if Greenwich Boat Works, whom Cruisers believed was responsible, did not. *See* Plaintiff's Motion for Summary Judgment against Defendant Cruisers, Exhibit B.

In October, Prousi contracted with Annapolis Motor Yachts ("AMY") to move the boat to Annapolis. AMY found that the starboard engine was not functioning properly and had local mechanic Tom Vogel inspect the engine. Vogel reported that the valves in the starboard engine were rusted and sticking as a result of water having intruded into the engine. After further inspection, Vogel opined that the water probably came in through the exhaust system, which was installed by and presumably warranted by Cruisers. On October 13, 1995, Prousi notified Cruisers by fax of the problem with the engine. Cruisers responded that the engine was warranted by Crusader and referred Prousi thereto for warranty service. On the 16th Prousi sent a letter to Crusader with the same request for warranty work. Crusader apparently authorized Vogel to continue his inspection of the engine. On October 26, 1995, Prousi directed Vogel to cease work on the engine.

On October 18, 1995, Prousi filed this lawsuit alleging three counts of warranty violations: Count I under the Magnuson–Moss Warranty Improvement Act, 15 U.S.C. § 2310, Count II under the express and implied warranty provisions of Pennsylvania's Uniform Commercial Code ("UCC"), 13 Pa. Cons.Stat. Ann. §§ 2313, 2314, and count III under Pennsylvania's Unfair Trade Practices

1. Defendant Crusader's motion for summary judgment was granted by this court on June 26, 1997 and is on appeal.

2. As an (antecedent) alternative to resisting Cruisers' summary judgment motion on the merits, Prousi asks that the motion be rejected as untimely. This court's scheduling order required that dispositive motions be submitted by November 14th, a Thursday. Because of the non-computation of weekends and the 3–day allowance for service by mail allowed by Fed.R.Civ.P. 6(a) and (e), the motion would have been timely served on the 18th or 19th. Plaintiff's counsel, however, acknowledges that she received defendant's summary judgment motion on an unspecified day during the week of November 18, 1996.

As counsel for Prousi has failed to show that service was not effected within the window of opportunity afforded by the rules and has plainly shown no prejudice, the timeliness argument is rejected. It should be noted, however, that defendant initially failed to provide an affidavit of service with the motion served upon plaintiff, and, when defendant did provide one, the affidavit was undated. It was only after a second query from plaintiff's counsel that defendant provided one with a date. Defendant also failed to file the summary judgment motion with the court until December 12, 1996. While stretching the bounds of courtesy and propriety, these failings do not, however, render service upon plaintiff untimely.

and Consumer protection Law ("UTPCPL"), 73 Pa. Stat. Ann. § 201–2(4)(xiv) (West 1997) The gist of Prousi's complaint is that a defect in either the installation of or peripheral attachments to the engine (warranted by Cruisers) caused water to intrude into the engine, eventually making it inoperable. Prousi complains that Cruisers refused to honor its warranty by seeing that the damage was repaired or the engine replaced.

## II. Discussion

Summary judgment will be granted if there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In the motion before the court, Cruisers argues that Prousi did not deliver the vessel to an authorized dealer as required by the warranty and did not permit warranty work to be effected on the engine. Prousi urges that many facts are in dispute. Of these, the material fact that Prousi disputes is defendant's contention that Prousi or his counsel prevented Cruisers from repairing the problem. Cruisers' arguments and Prousi's responses will be discussed in turn.

**3.** Although the parties have not addressed choice-of-law issues, attention to them is warranted given the multitude of jurisdictions implicated. Plaintiff has apparently assumed that Pennsylvania law applies and defendant has not challenged this assumption. Count II contains UCC claims (without specific reference to whose UCC) and Count III alleges violations of Pennsylvania's UTPCPL statute. The court will take Count III as an indication of plaintiff's intent as to Count II. Count III will be discussed separately below.

A federal court deciding a case for which state law supplies the rules of decision must look to the conflicts rules of the forum state. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Pennsylvania law, according to the Third Circuit's prediction, adopts the Restatement view that the state with the most significant interest in the subject matter and outcome provides the governing law. *In Matter of Bankers Trust Co.*, 752 F.2d 874, 882 (3d Cir.1985). Accordingly, as a preliminary matter, the court must examine significant contacts with the litigation. Plaintiff is a resident of Pennsylvania, and defendant is a Delaware corporation with its principal place of business in Wisconsin. The boat was purchased in New Jersey, but there is no indication of where the negotiation of the contract occurred. The situs of the boat is, as far the court can tell from the papers, in the territorial waters of Maryland.

## A. Failure to Perform Condition Precedent

█ Cruisers argues that Prousi never presented the boat to an authorized Cruisers dealer for warranty work and consequently failed to perform a condition precedent to Cruisers' warranty obligations. Prousi does not contest Cruisers' factual contention. If meritorious, Cruisers' argument would support summary judgment for defendant irrespective of other contested issues, for even if Prousi did not affirmatively prevent warranty work, his failure to perform a condition precedent would bar recovery.

█ The warranty explicitly states that "[f]or warranty service, the boat must be delivered to the selling dealer." However, the issue remains whether Cruisers is entitled to rely on this condition. Cruisers may not rely on the condition if it has waived its right to do so. From the record before the court, viewed as it must be in the light most favorable to the plaintiff, it is apparent that a fact-finder could reasonably conclude that defendant has waived reliance on this condition. Under Pennsylvania law,[3] a waiver of legal

Of these states, Pennsylvania has the most significant and enduring interest in the outcome of the case. Plaintiff is a Pennsylvania resident, and this state has a significant interest in having its consumer law protect its residents. Of the other possible contenders—Wisconsin, Maryland, Delaware, and New Jersey—none of which has much connection to this litigation, New Jersey stands out as the place of purchase and thus presumably the place of the contract. However, the place of contract is only a significant factor when combined with others, and New Jersey has no other contacts with the litigation. *See* Restatement (Second) of Conflicts of Law § 188(2), comt. e. The place of performance in the case of a warranty on so theoretically mobile an item as a yacht is an insignificant factor, since the place of performance was both uncertain at the time of the contract and likely to be divided between several jurisdictions. *See id.*

Given the absence of a critical mass of significant contacts in any of the jurisdictions, it is sensible to give the party seeking the protection of his state's consumer laws the benefit of these laws. Therefore, Pennsylvania law governs Counts II and III.

As for the Magnuson–Moss claims, the governing law issue has not been addressed in this circuit. The issue has, however, been addressed by the Second, Fourth, and D.C. Circuits, which have all persuasively concluded that state law

rights can arise by "a clear unequivocal, and decisive act of the party claimed to have waived its rights, with knowledge of such right and evident purpose to surrender it." *Keenan v. Scott Township Auth.*, 151 Pa. Cmwlth. 225, 616 A.2d 751 (1992). *See also, Evcco Leasing Corp. v. Ace Trucking Co.*, 828 F.2d 188 (3d Cir.1987). Waiver may be effected by a party's words or conduct. When waiver is implied from conduct, it applies in those situations that would support equitable estoppel. *Penn Mutual Life Ins. v. Bank of New England*, 756 F.Supp. 856 (E.D.Pa.1991); *Brown v. City of Pittsburgh*, 409 Pa. 357, 186 A.2d 399 (1962). *See also Walsh v. Ford Motor Co.*, 588 F.Supp. 1513 (D.D.C.1984) (recognizing equitable estoppel under the Magnuson–Moss Act to hold that plaintiffs who had not presented their vehicles to dealers as required by the warranty were not barred). Thus for an implied waiver to be operative, the person charged with waiver must have by conduct manifested an intent to relinquish the right and the party claiming the benefit of the waiver must show that he or she was "misled and prejudiced" by the conduct. *Brown*, 186 A.2d at 401.

In this case plaintiff has undertaken to establish, or at least has alleged with support and without contradiction by defendant, all of the elements of a waiver of legal rights (albeit without arguing the point). According to the pleadings, documents, and affidavits supplied by both parties, it appears that Cruisers (1) provided Prousi with replacement parts at no charge, and (2) reimbursed or promised to reimburse plaintiff for work performed by people other than authorized Cruisers dealers, despite the fact that the boat was not brought to a dealer. *See. e.g.*, Defendant's Motion for Summary Judgment at 3; Plaintiff's Motion for Summary Judgment Against Defendant Cruisers, Exhibit B. Furthermore, Prousi has alleged that he was never shown the written warranty, an allegation that has not been denied by Cruisers' agent Hayes. *See* Plaintiff's Opposition to Defendant's Motion, Exhibits C and D. Consequently, Prousi's only guidance in understanding the warranty would be defendant's conduct. Thus plaintiff has made a sufficient showing to support the proposition that defendant's conduct—namely, honoring minor warranty without requiring that Prousi deliver the vessel to the New Jersey dealer—could be found by a fact-finder to have led Prousi reasonably to believe that bringing the boat from Maryland to the dealer in New Jersey was unnecessary. But for this apparent waiver prejudice would result from the conduct because plaintiff did not deliver the vessel to the dealer within the warranty's time limit.[4] Accordingly, defendant is not entitled to summary judgment on the basis of plaintiff's failure to perform a condition precedent.

### B. Prematurity of Plaintiff's Suit

Defendant contends that Prousi's suit on all counts is premature and urges summary judgment on this ground.

First, Defendant argues that Prousi did not give Cruisers the opportunity to cure that the Magnuson–Moss Act requires before action may be brought under the statute. 15 U.S.C. § 2310(e). The filing of the action,

---

governs warranty claims brought under the Magnuson–Moss Act except when explicitly modified by the Act's minimum standards. *Carlson v. General Motors Corp.*, 883 F.2d 287, 291 (4th Cir.1989); *Abraham v. Volkswagen of America, Inc.*, 795 F.2d 238, 247–48 (2d Cir.1986); *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1013–16 (D.C.Cir.1986) (joint opinion of Edwards and Ginsburg, JJ.).

There is ample evidence, from both the text of the statute and its legislative history, supporting the conclusion that Congress did not intend to supplant state warranty law wholesale, but rather intended to complement state laws and provide a minimal floor of protections. Section 2311(b)(1) states that "[n]othing in this chapter shall invalidate or restrict any right or remedy of any consumer under State law." Hence, state laws that are less protective of the consumer are supplanted by the statute's limited regulatory provisions, but no consumer protections are thereby abridged. In the course of holding that a warrantor waived the very kind of condition at issue here, the D.C. Circuit extensively canvassed the Act's legislative history, finding it consonant with this reading. *Walsh*, 807 F.2d at 1014–16. Consequently, according to the conflicts analysis above, Pennsylvania law will govern the Magnuson–Moss claims.

4. The warranty on all parts and components other than structural sections of the hull and deck expired one year after delivery, which was in May 1995.

occurring as it did less than one week after plaintiff's written notification to defendant of the problem, on first glance certainly seems premature.[5] However, Prousi's contention that Cruisers refused to honor warranty service renders summary judgment on this basis inappropriate. Prousi alleges that Cruisers ceased or refused to honor warranty requests upon learning from the dealer, Greenwich Boat Works, that Prousi still reportedly owed the dealer money. Prousi's allegation is supported by the deposition of Hayes, defendant's agent. *See* Plaintiff's Opposition to Defendant's Motion, Exhibit K. This allegation, which amounts to one of anticipatory repudiation, can be considered to mature plaintiff's claim.

■ Although the Magnuson–Moss Act does not provide for anticipatory repudiation, the Act does call for the application of state warranty law in the absence of a regulating rule. *Walsh v. Ford Motor Co.*, 807 F.2d 1000 (D.C.Cir.1986). In its UCC, Pennsylvania provides that when a party repudiates concerning a performance not yet due, which repudiation would substantially impair the value of the contract, the aggrieved party "may resort to any remedy for breach." 13 Pa. Cons.Stat. § 2610(2). Thus by operation of the state UCC, Prousi has alleged sufficient facts to show, for the purposes of this motion, that his warranty claims have matured.

■ Plaintiff's state-law UTPCPL claims require a reasonable time for defendant to comply. The UTPCPL's warranty provisions are limited by the terms of the warranty itself: 73 Pa. Stat. Ann. § 201–2(4)(xiv) provides that the UTPCPL provides a remedy for "[f]ailing to comply with the terms of any written guarantee or warranty." The warranty provides that Cruisers will repair or replace defective parts or workmanship

"[w]ithin a reasonable time after notification." Again, Prousi's allegation of anticipatory repudiation satisfies, for the purpose of this motion, the reasonable time requirement.

■ Warranty claims under the UCC, however, accrue at the time of discovery of the defect and are thus not barred in any event. See 13 Pa. Cons.Stat. Ann. § 2725(b) (when warranty extends to future performance of the goods, cause of action for breach of warranty accrues when the breach is or should have been discovered). Accordingly, plaintiff's UCC claims have accrued and would not be barred by a failure to provide an opportunity to cure, and summary judgment will not be granted on this ground.

## C. Prevention of Warranty Work

■ Relatedly, Cruisers maintains that Prousi prevented any warranty work from being performed, an issue that Prousi disputes. Although Prousi acknowledges that he instructed Vogel to cease work on the engine, nothing in the record flatly contradicts his contention that he did not prevent Cruisers from repairing the engine. Defendant places much emphasis on an October 17, 1995 letter from Plaintiff's counsel to Crusader. Defendant's Motion for Summary Judgment, Exhibit D, at 8. Defendant seeks to construe this letter as forbidding warranty work by Cruisers. However, the letter will not bear the meaning defendant would assign it. The letter merely informs Crusader that Prousi is represented and instructs Crusader not to communicate directly with Prousi other than as "necessary to effectuate current repairs." Moreover, the letter is addressed to co-defendant Crusader and not to Cruisers. In sum there is nothing in the record that conclusively undermines Prousi's denial

5. Defendant also seeks to construe Prousi's having consulted his attorney on October 9, 1995 (nine days before the action was filed) as evidence of Prousi's failure to allow defendant to cure, and went to the length of insisting that plaintiff's counsel disclose her fee agreement with Prousi. Supplemental Brief in Support of Defendant's Motion for Summary Judgment, *passim*. However, this court is at a loss to see how mere consultation with an attorney (the contents of which are privileged) can possibly have a

bearing on whether plaintiff afforded defendant an adequate opportunity to cure. Similarly, defendant's emphasis on plaintiff's putative intent to sell the boat is misguided. Even if it is true that Prousi wanted to sell the boat, this is not relevant to the legal issues in this case. Warrantors are no less bound by a warranty, and a failure to honor a warranty diminishes the value of the contract no less, simply because the buyer intends to sell.

that he refused to allow warranty work and thereby vitiated his warranty claims.[6] This issue constitutes a genuine issue of material fact and, as to it, defendant's motion for summary judgment will be denied.

### D. Implied Warranty Claims

 Count II of Prousi's complaint includes claims for implied warranties under the UCC. As to these portions of count II, summary judgment is appropriate. The warranty at issue specifically and conspicuously—in capital letters on the front page—excludes warranties of fitness and merchantability. This exclusion thus satisfies the UCC requirement of specific, conspicuous language to exclude the warranty of merchantability and a conspicuous writing to exclude that of fitness. *See* 13 Pa Cons.Stat. Ann. § 2316(b) (West 1997). Hence there is no disputed issue of material fact on this issue and summary judgment will be granted on these claims.

An order will issue accordingly.

---

6. On the present record, it is unclear whether Prousi knew that Vogel was, while investigating the damage to the engine, acting at Crusader's behest as well as responding to Prousi. There is no evidence in the record that Crusader authorized Vogel to make warranty repairs; the record indicates only that Crusader authorized Vogel to investigate and diagnose the problem. In any event, Prousi's direction to Vogel has no bearing on his claim that *Cruisers* failed to honor its warranty.